IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>STERIS CORPORATION,<br><br>    Defendant. | Case No. 2:10-cv-932-MEF<br>(WO—Do Not Publish) |

**MEMORANDUM OPINION AND ORDER**

On August 17, 2012, final judgment was entered against Plaintiff Joseph Howard ("Plaintiff") in his disability and age discrimination suit against his former employer, Defendant STERIS Corporation ("STERIS"), taxing costs against Plaintiff. (Doc. #58.) Before the Court is Plaintiff's Consolidated Motion to Deny or Re-Tax Costs (Doc. #60), whereby Plaintiff moves to deny or reduce the amount of costs taxed against him, citing his personal economic hardship. For the reasons discussed below, the Court finds that Plaintiff's motion is due to be GRANTED IN PART and DENIED IN PART.

STERIS has filed a bill of costs seeking $5,248.42 in transcript fees, $1,000 in witness fees, $239.37 in fees for exemplification and production of copies necessarily obtained for the case, all of which were "necessarily incurred" (Doc. #59, at 1), and all of which are recoverable under 28 U.S.C. § 1920. Plaintiff has disputed neither the amount of those fees, nor that they were necessarily incurred.

Applicable to this matter, Federal Rule of Civil Procedure 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Rule 54(d)(1) "establishes a presumption that costs are to be awarded to the prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). That discretion, however, is not unfettered, "since denial of costs is in the nature of a penalty for some defection on the [prevailing party's] part in the course of the litigation." *Id.* at 1039 (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)). To overcome the presumption that full costs will be taxed against the non-prevailing party, "a district court must have a sound basis for doing so." *Id.* (internal citations omitted).

A non-prevailing party's financial status may, but need not, be weighed as a factor in determining whether to limit the costs taxed against a non-prevailing party. *Id.* However, a district court should not consider the wealth of the prevailing party and compare it to that of the non-prevailing party, as that would "unduly prejudice parties with assets" and undermine the presumption that costs will be awarded. *Id.* Finally, even in the select cases in which the financial resources of the non-prevailing party are considered, "a court may not decline to award any costs at all." *Id.*

In support of his motion, Plaintiff attaches a declaration in which he states that he is unable to pay costs due to his present condition of economic distress, in which he and his wife receive a low, fixed income. (Doc. #60-1, at 1–4.) Plaintiff also attaches documentation demonstrating the level of his monthly income and expenses. (Doc. #60-

1, at 5–13.)  Plaintiff also improperly asks the Court to consider Defendant's wealth relative to Plaintiff's, which the Court will not consider in disposing of this motion. (Doc. #60, at 1, 3.)  Nevertheless, Plaintiff does permissibly present evidence of his very unfortunate financial situation to the Court, which the Court will consider.  (Doc. #60-1.) His family's monthly income of approximately $2,812.66 (including his wife's income) barely exceeds his stated monthly expenses of $2,702.00.  (Doc. #60-1, at 1–4.)  In his prayer for relief, Plaintiff requests that the Court order Defendant to bear all of the costs outlined in its Bill of Costs (Doc. #59), which he is not entitled to as a matter of law, according to Eleventh Circuit precedent.  *Id.*  The Court may only reduce the costs taxed against him.

In its response, Defendant correctly points out that the Court may decline to consider Plaintiff's financial resources in assessing costs against him.  (Doc. #65, at 3.) Furthermore, Defendant argues that Plaintiff's financial situation is not dire enough to overcome the presumption of awarding costs to Defendant, as the prevailing party, because Plaintiff's income covers his stated expenses.  (Doc. #65, at 4.)

In accordance with the standards set by the Eleventh Circuit concerning the taxation of non-attorney fee costs, the Court now considers Plaintiff's ability to pay as a factor in awarding costs without considering the relative wealth of the parties.  *See id.*  In his affidavit and supporting documents, Plaintiff demonstrates that he and his wife are under financial distress.  As he states in his declaration and demonstrates with documentation of his income and expenses, he and his wife collectively have a low and fixed income that is barely adequate to meet their regular expenses.  As a disabled person

3

receiving social security benefits as his primary source of income, he also states that he is unable to obtain additional income from employment, and his wife, who works part-time, also has poor health and is unable to work enough hours to earn more than her present income of $600 per month.

Considering these unfortunate circumstances, the Court finds that Plaintiff's financial distress is serious enough to justify the Court's exercise of its discretion in reducing the amount of costs to be awarded to the prevailing party under Rule 54(d)(1).

For the reasons set forth above, Plaintiff's Consolidated Motion to Deny or Re-Tax Costs (Doc. #60) is GRANTED IN PART and DENIED IN PART.  It is GRANTED to the extent that costs taxed are reduced by half to $3,243.90, and it is in all other respects DENIED.

Done this the 3rd day of July, 2013.

Mark E. Fuller
UNITED STATES DISTRICT JUDGE
